IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MOHAN NIRALA,   *

   Plaintiff,   *

v.   *     Civil Action No. 8:18-cv-03330-PX

A.J. ADHALI, *et al.*,   *

   Defendants.   *

***

## MEMORANDUM OPINION

Plaintiff Mohan Nirala ("Nirala"), proceeding *pro se*, brings this legal malpractice suit against Defendants A.J. Adhali and Edgar Ndjatou (collectively, "Defendants"). Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint ("Motion to Dismiss"). ECF No. 13. Having reviewed the Motion and the briefs, the Court finds no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons stated below, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.[1]

**I.    Background**[2]

In 2007, Nirala founded Satyaguru Inc., a nonprofit corporation in Maryland, which was later renamed Ambedkar International Center. ECF No. 12 at 15. He secured a personal loan of $80,000 to contribute to the organization's operations. *Id.*

In 2014, Ambedkar International Center and its board of directors (collectively, "AIC") sued Nirala in the Circuit Court for Prince George's County, Maryland for an array of common

---

[1]     Defendants' original Motion to Dismiss, ECF No. 8, is denied as moot. *See Johnson v. Asset Acceptance, LLC*, No. GLR-15-538, 2015 WL 8760737, at *1 (D. Md. Dec. 15, 2015).

[2]     The Court accepts as true the facts pleaded in the Amended Complaint. It also takes judicial notice of the record for the underlying action in which Defendants represented Nirala, (*Nirala v. Ambedkar Int'l Ctr., Inc.*, No. 203, Sept. Term, 2016, 2017 WL 2180630 (Md. Ct. Spec. App. May 18, 2017) and *Ambedkar Int'l Ctr., Inc. v. Nirala*, CAE14-11689 (Cir. Ct. for Prince George's Cty. 2016)), and related filings attached to Defendants' Motion to Dismiss (ECF Nos. 13-2, 13-3). *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

law claims, including conversion, quiet title, ejectment, declaratory judgment, constructive trust, breach of contract, unjust enrichment, accounting, injunctive relief, and constructive fraud. ECF No. 13-3. AIC principally alleged that Nirala had been "acting as a rogue *alter ego* of AIC," "mismanaged AIC funds," and "transferred AIC property to himself." *Nirala v. Ambedkar Int'l Ctr., Inc.*, No. 203, Sept. Term, 2016, 2017 WL 2180630, at *1 (Md. Ct. Spec. App. May 18, 2017). Nirala retained Defendants to represent him and filed counterclaims. ECF No. 13-2. After a four-day bench trial, the court awarded judgment in favor of AIC. ECF No. 13-3. The Court of Special Appeals of Maryland affirmed the judgment. *Nirala*, 2017 WL 2180630, at *1.

On September 11, 2018, Nirala sued Defendants in the Circuit Court for Prince George's County, Maryland. ECF No. 1-1. Defendants removed the case, invoking this Court's diversity jurisdiction on October 27, 2018. ECF No. 1. Nirala then amended the Complaint on December 4, 2018, ECF No. 12, and Defendants moved to dismiss the Amended Complaint on December 17, 2018, ECF No. 13. Nirala responded on January 2, 2019 to the motion, ECF No. 15, to which Defendants replied, ECF No. 16.

**II.     Standard of Review**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of

action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and viewed in the light most favorable to him. *Twombly*, 550 U.S. at 555. The Court may also consider documents attached to the motion to dismiss when "integral to and explicitly relied on in the complaint, and when the [opposing parties] do not challenge the document[s'] authenticity." *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)) (internal quotation marks omitted). However, "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "'[N]aked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

If a complaint allegation sounds in fraud, it must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009). The rule requires the plaintiff to "state with particularity the

3

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quotation marks and citation omitted). Fraud allegations that fail to comply with Rule 9(b) warrant dismissal under Rule 12(b)(6). *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

### III. Analysis

#### a. The Operative Complaint

As a preliminary matter, the Court must determine whether the original or Amended Complaint is the operative one. ECF Nos. 1-1, 12. Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course" within "21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). After this time has elapsed, the plaintiff may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." *Id.* Denial of leave to amend should occur only "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Nirala served the original Complaint on Defendants on October 2, 2018, ECF No. 1 ¶ 2, and Defendants served their Motion to Dismiss on November 9, 2018, ECF Nos. 10, 10-1. On

December 4, 2018, Nirala filed his Amended Complaint, more than 21 days after both service of the Complaint and the Motion to Dismiss occurred. ECF No. 12.[3] Consequently, amendment is permitted only with Defendants' written consent or leave of court.

Nirala did not seek this Court's permission to amend. Nor does the Amended Complaint indicate whether Defendants consented to the amendment. However, the Court notes that Defendants moved to dismiss the Amended Complaint not because it is untimely filed, but because it fails to state legally sufficient causes of action. *See generally* ECF No. 13. The Court also notes that Nirala did not appear to amend in bad faith, and the amendments are not futile modifications. Rather, the proposed amendments clarify the claims and provide additional factual allegations in support. Accordingly, the Court considers the Amended Complaint as the operative complaint.

The Court now turns to the merits of Defendants' Motion to Dismiss. Because the Court exercises its diversity jurisdiction, Maryland choice-of-law rules apply. *See Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) ("A federal court sitting in diversity must apply the choice-of-law rules from the forum state."). For causes of action sounding in tort, Maryland adheres to the *lex loci delicti* rule, applying the substantive law of the state in which the alleged tort took place. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744–45 (2000). Nirala's claims center on Defendants having allegedly committed legal malpractice in representing him before the Circuit Court for Prince George's County. Thus, Maryland law applies to Nirala's claims.

Broadly stated, Defendants contend that Nirala has failed to plead sufficient facts in the Amended Complaint for any claim to survive challenge.[4] The Court considers the sufficiency of

---

[3] Nirala attempted to amend the Complaint on November 20, 2018, but the pleading was rejected because it did not conform to Local Rule 103.6(c). ECF No. 11.

[4] Defendants also seem to contend in passing that the claims in the Amended Complaint are barred by the

each claim in turn.

### b. Count I: Legal Malpractice[5]

To sustain a legal malpractice claim, Nirala must assert sufficient facts to demonstrate that (1) he employed Defendants as attorneys, (2) Defendants neglected a reasonable duty, and (3) loss to Nirala as the client was proximately caused by that neglect of duty. *Thomas v. Bethea*, 351 Md. 513, 528–29 (1998). The facts averred in the Amended Complaint, taken as true and most favorably to Nirala, are sufficient to sustain the claim. It is undisputed that Defendants represented him in the Circuit Court for Prince George's County. The Amended Complaint further contends an array of failures in Defendants representing Nirala, including the failure to introduce relevant evidence at trial, call certain witnesses, properly cross examine witnesses, perform due diligence, and pursue Nirala's counterclaims. *See generally* ECF No. 12. The Amended Complaint also avers that Defendants neglected their duty to represent him competently by failing to include a prayer for relief of $80,000 for one of his counterclaims. *See id.* at 21. As damages, the Amended Complaint avers that Defendants' failures deprived him of the success he would have otherwise enjoyed on his counterclaim. *See id.*

Defendants, in response, argue that omitting the $80,000 prayer for relief amounted to a

---

doctrine of *Res Judicata* because Nirala already raised them before the Maryland Court of Special Appeals in the underlying action. *See, e.g.*, ECF No. 13 at 1 (arguing that Nirala's claim is barred by *res judicata* "insofar as Nirala had raised the defenses in the present action in the appeal of his trial verdict"), ECF No. 13-1 at 2 (stating that Nirala's claim "is further barred by *res judicata*"), 4–5 (noting that a court may take judicial notice of facts from a prior judicial proceeding when *res judicata* is raised and that the "consideration of . . . *res judicata* is appropriate where 'it clearly appears on the fact [sic] of the complaint'" (citation omitted)). The scope of the Court of Special Appeals' review, however, was confined to whether the trial court "err[ed] in finding that signing the Memorandum of Understanding was sufficient to elect Tappita, Gupt, Bhupathi, and Chavan as members of AIC's Board of Directors." *Nirala v. Ambedkar Int'l Ctr., Inc.*, 2017 WL 2180630, at *1. This Court of Special Appeals decision does not implicate the factual allegations on which this Court bases its decision. Thus, the Court rejects Defendants' *res judicata* argument.

5     Although Nirala labeled Count I "Breach of Contract and Beach [sic] of Duty," ECF No. 12 at 19, he has essentially pleaded and defended the claim as one of professional malpractice sounding in tort. *McCoubrey v. Kellogg, Krebs & Moran*, 7 F. App'x 215, 219 (4th Cir. 2001) ("A legal malpractice action may sound in either tort or contract depending upon the context.").

"strategic decision," that cannot serve as the basis for a malpractice claim. ECF No. 13-1 at 5–6. This argument strains credulity. The prayer for relief is a basic component of pleading requirements. *See* Md. R. 2-305 ("A pleading that sets forth a claim for relief . . . shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought."). More fundamentally, whether Defendants are believed that their choices were, in fact, "strategic decisions" rather than basic neglect, requires the Court to not only take their word for it, but credit their word above the factual averments in the Amended Complaint. At the motion to dismiss stage, where the Court must only "test the sufficiency of a *complaint*," *Edwards*, 178 F.3d at 243 (emphasis added), Defendants' argument must fail.

That said, the Court recognizes that the Amended Complaint does not allege that Defendants' actions were the proximate cause of Nirala's losses as to Defendants' failure to pursue the defamation counterclaim. To succeed on this malpractice theory, Nirala must demonstrate that he would not have consented to the dismissal of the counterclaim *and* that he would have succeeded on the counterclaim had it not been dismissed. The Amended Complaint asserts no facts on this element. That said, because discovery will proceed on Nirala's other theories of relief as to this Count, the Court will deny dismissal without prejudice for Defendants to reassert this argument at the summary judgment stage.

    c. **Count II: Negligence and Gross Negligence**

The Amended Complaint also asserts a claim of gross negligence based on the same alleged lapses in Defendants' representation of Nirala. ECF No. 12 at 22–25. Because "negligence" and legal malpractice set forth in Count I operate identically, the sufficiency of the gross negligence claim must be separately addressed. *Compare Flaherty v. Weinberg*, 303 Md. 116, 128 (1985), *with Thomas*, 351 Md. at 528–29 (same for legal malpractice). Defendants

mount the identical challenge to the gross negligence claim -- that their decisions were "strategic" and thus fail as a matter of law. ECF No. 13-1 at 8.

In Maryland, gross negligence is "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Cooper v. Rodriguez*, 443 Md. 680, 708 (2015) (quoting *Barbre v. Pope*, 402 Md. 157, 187 (2007)). The Maryland courts have set a high bar for pleading gross negligence. "[A] wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he [or she] inflicts injury intentionally or is so utterly indifferent to the rights of others that he [or she] acts as if such rights did not exist." *Id.* (quoting *Barbre*, 402 Md. at 187). Whether a defendant's actions constitute gross negligence customarily is left for the jury "unless the facts are so clear as to permit a conclusion as a matter of law." *Taylor v. Harford Cty. Dep't of Social Servs.*, 384 Md. 213, 229 (2004) (citation omitted). A "legally sufficient case of ordinary negligence will frequently be enough to create a jury question of whether such negligence was or was not gross." *Beall v. Holloway-Johnson*, 446 Md. 48, 64 (2016) (citation omitted). Nirala has sufficiently alleged professional malpractice sounding in negligence against Defendants. Thus, the gross negligence claim likewise survives at this stage. Defendants' Motion is denied as to Count II.

    d. **Count III: Constructive Fraud**

Count III centers on Defendants' "fiduciary duty" to Nirala as his attorneys and Defendants' alleged failure to follow the Maryland Attorneys' Rules of Professional Conduct. The Amended Complaint details a litany of professional conduct rules that Defendants allegedly violated while representing Nirala, including the duty to keep a client reasonably informed and the duty to consult with the client regarding the representation. ECF No. 12 at 25. Nirala further

8

alleges that Defendants breached these duties by failing to "diligently pursue [his] case" and "properly argue & [sic] designate material facts." *Id.* Defendants again respond that the claim cannot survive because they made mere strategic decisions. ECF No. 13-1 at 9.

To state a claim for constructive fraud, a plaintiff must show "that the defendant breached a legal or equitable duty by deception or by violating a confidence." *Chassels v. Krepps*, 235 Md. App. 1, 16 (2017), *cert. denied*, 457 Md. 677 (2018) (citing *Thompson v. UBS Fin. Servs., Inc.*, 443 Md. 47, 69–70 (2015)). "The duty generally arises in a context of trust or confidence, such as a fiduciary duty or confidential relationship." *Id.* The relationship between an attorney and a client is presumed to be confidential. *UBS Fin. Servs., Inc. v. Thompson*, 217 Md. App. 500, 517 (2014), *aff'd*, 443 Md. 47 (2015) (citing *Upman v. Clarke*, 359 Md. 32, 42 (2000)). However, "[m]ere non-compliance with a legal duty is not necessarily constructive fraud." *Chassels*, 235 Md. App. at 16; *see Hanley v. Doctors Express Franchising, LLC*, No. ELH-12-795, 2013 WL 690521, at *18 (D. Md. Feb. 25, 2013) (quoting *Scheve v. McPherson*, 44 Md. App. 398, 407 (1979)). Despite the lack of a scienter requirement, "[c]onstructive fraud is nonetheless fraud, a most serious charge. It is therefore not lightly found by the courts." *Scheve*, 44 Md. App. at 406 (citation omitted).

Although Defendants and Nirala enjoyed a confidential attorney-client relationship, *see UBS Fin. Servs.*, 217 Md. App. at 517 (citation omitted), the claim fails because Defendants have no *legal* duty to abide by the Rules of Professional Conduct. *See Attorney Grievance Comm'n of Md. v. Gregory*, 311 Md. 522, 531 (1988). The Preamble to the Rules of Professional Conduct states that "[c]ompliance with the Rules . . . depends primarily upon understanding and *voluntary* compliance," and "[v]iolation of a Rule does not itself give rise to a cause of action against an attorney nor does it create any presumption that a *legal* duty has been breached." Md. Rules of

Prof'l Conduct Preamble (emphasis added). The constructive fraud claim fails as a matter of law and is therefore dismissed with prejudice.

### e. Count IV: Negligent and Fraudulent Misrepresentation

In this Count, the Amended Complaint avers that Defendants "failed to provide [the] trial court with financial record[s], receipts, and documents" and withheld "critical evidence" despite promising to provide diligent representation. ECF No. 12 at 26. Defendants contend that the claims fail to meet Rule 9(b)'s heightened pleading standard. ECF No. 13-1 at 11.

In Maryland, to state a claim for negligent misrepresentation, a plaintiff must establish that "(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damages proximately caused by the defendant's negligence." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 135–36 (2007) (citation omitted). The elements for fraudulent misrepresentation are identical to those of negligent misrepresentation except that a plaintiff must demonstrate that the defendant actually knew the statement was false or made the statement with reckless disregard for its truth or falsity. *Hoffman v. Stamper*, 385 Md. 1, 28 (2005).

The Amended Complaint does not satisfy the heightened pleading standards of Rule 9(b). It does not set out the substance of the false statements, or any other details to support the "who, what, when, where, and how" of the claim. *Wilson*, 525 F.3d at 379. Rather, the claim amounts to a repackaging of the other allegations without any of the requisite particularity to survive

challenge. Count IV is thus dismissed.[6]

### f. Count V: Deceptive Trade Practices and Breach of Fiduciary Duty[7]

The Amended Complaint generally avers that Defendants have violated unnamed "[c]onsumer protection acts" under "United State [sic] Laws." ECF No. 12 at 26. The Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, is the primary federal statute that may conceivably fit Nirala's claims. The FTC Act aims to protect consumers against businesses engaging in deceptive trade practices. This act, however, does not allow for a private cause of action. *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10-3517, 2011 WL 3476994, at *13 (D. Md. Aug. 8, 2011). Consequently, Nirala's claim for violating "federal" consumer protection laws can go no further.

As to alleged violations of the Maryland Consumer Protection Act ("MCPA"), this act does permit a private cause of action where a plaintiff demonstrates (1) an unfair or deceptive practice or misrepresentation (2) on which the plaintiff relied (3) that causes actual injury. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012), *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013). However, the MCPA does not apply to "professional services of a . . . lawyer." Md. Code. Ann., Com. Law § 13-104. Accordingly, this claim is dismissed.

### g. Count VI: Acts, Errors, and Omissions

The Court is familiar with the phrase "acts, errors, and omissions" in the insurance

---

[6] To the extent Nirala alleges that Defendants' representations to the state court support a fraud claim, this theory similarly fails because Nirala could not have relied on those statements to his detriment.

[7] "Maryland does not recognize a standalone claim for breach of fiduciary duty; rather, the breach of a fiduciary duty may support a cause of action for negligence." *Dell v. DeTar*, No. JFM-16-00887, 2017 WL 3835679, at *8 (D. Md. Aug. 31, 2017) (citing *Int'l Bhd. of Teamsters v. Willis Corroon Corp. of Md.*, 369 Md. 724, 727 n.1 (2002)). Thus, this claim is preserved in Count I, and the separate breach of fiduciary duty claim is dismissed.

context, *see, e.g.*, *Trice, Geary & Myers, LLC v. Camico Mut. Ins. Co.*, 459 F. App'x 266, 269 (4th Cir. 2011), and as part of pleading a negligence claim, *see, e.g.*, *Rodriguez v. State*, 218 Md. App. 573, 607 (2014), *aff'd*, 443 Md. 680 (2015). But it does not function as a standalone claim. Nor does this claim allege any facts or legal bases separate from or different than the allegations set forth in Count I. ECF No. 12 at 28–29. This claim, too, must be dismissed.

### h. Count VII: Collusion

Count VII of the Amended Complaint avers that "most likely [Defendants] colluded with opposition attorney and opposition party" in the previous litigation. ECF No. 12 at 29. However, the Amended Complaint sets out no facts to support allegations of collusion. Nor does Nirala convince this Court that such a claim, standing alone, exists as a matter of law. Count VII is dismissed.

### i. Count VIII: Declaratory Judgment

The Amended Complaint concludes by seeking a declaration that Defendants committed legal malpractice. ECF No. 12 at 30. "When declaratory relief would be duplicative of claims already alleged, dismissal is warranted." *Sharma v. OneWest Bank, FSB*, No. DKC 11-0834, 2011 WL 5167762, at *6 (D. Md. Oct. 28, 2011) (citation omitted). Because Count I encompasses Nirala's legal malpractice claim and its supporting allegations, Count VIII is dismissed.

## IV. Request for Court-Appointed Counsel

In his Amended Complaint, Nirala has requested counsel be appointed as he is "unable to afford an attorney." ECF No. 12 at 33. The court's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[8] is discretionary and may be considered where an indigent plaintiff demonstrates

---

[8] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

that exceptional circumstances warrant appointment. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Exceptional circumstances include a litigant who "is barely able to read or write," *Whisenant v. Yuam*, 739 F.2d 160, 162 (4th Cir. 1984), or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008); *see also Altevogt v. Kirwan*, No. WDQ-11-1061, 2012 WL 135283, at *2 (D. Md. Jan. 13, 2012).

Nirala's case presents no clear, exceptional circumstances warranting representation pursuant to § 1915(e)(1). Nirala has capably filed his self-represented complaint and opposition. At this stage of the proceedings, the request to appoint counsel is denied.

## V. Defendant Edgar Ndjatou

Defendant Ndjatou separately contends that he should be dismissed from the case because Nirala "has not made any complaint of malpractice against attorney Ndjatou, other than naming him as a defendant." ECF No. 13-1 at 5. To the contrary, the Amended Complaint avers that Defendant Ndjatou "participated in all hearings and [was] present [at] trial and conducted the case. All claims and counts are against both the attorneys Mr. Dhalli [sic] and Mr. Ndjatou. Both the attorney[s] were hired and paid by plaintiff in the case, and both committed malpractice." ECF No. 12 at 30–31. Accordingly, Defendant Ndjatou is not dismissed from the case.

## VI. Conclusion

Based on the foregoing, the Court grants in part and denies in part Defendants' Motion to Dismiss. An Order follows.

| | |
|---|---|
| July 31, 2019 | /s/ |
| Date | Paula Xinis<br>United States District Judge |

13